UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOROTHY LYBARGER and DOT'S OFFICE PRODUCTS, INC., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-0905-B |
| ECI SOFTWARE SOLUTIONS, INC. and SHEILA BAYLESS, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Dorothy Lybarger and Dot's Office Products, Inc. (collectively, "Dot's Office")'s Motion for Voluntary Dismissal (Doc. 84). For the following reasons, the Court **GRANTS** the Motion and **DENIES** Defendants Sheila Bayless and ECI Software Solutions, Inc. (collectively, "ECI Software)'s request for costs and attorneys' fees.

I.

BACKGROUND

This lawsuit originated against ECI Software and other defendants in Missouri state court. Doc. 1, Notice Removal. All defendants in the original proceeding timely removed to federal court in the Western District of Missouri. *Id.* Four of the original defendants filed an answer in the Western District of Missouri—however, ECI Software did not file an answer in either state or federal court. *See* Doc. 53, Answer; *see* Doc. 54, Answer. Upon ECI Software's Motion, the court in the Western District of Missouri severed and transferred the claims against ECI Software to the Northern District of Texas. Doc. 60, Order. This Court ordered Dot's Office to file an amended

-1-

complaint limited to the claims it asserted against ECI Software. Doc. 63, Order. ECI Software filed a 12(b)(6) Motion to Dismiss Dot's Office's First Amended Complaint but never filed an answer or a motion for summary judgment. Doc. 70, Order; Doc. 81, Mot. Approximately one month later, Dot's Office filed a Motion for Voluntary Dismissal (Doc. 84). The Court considers Dot's Office's Motion below.

## II.

## LEGAL STANDARD

A plaintiff may voluntarily dismiss its claims without a court order "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). After a plaintiff properly files a notice of dismissal, district courts no longer have jurisdiction over a case. *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010). In cases with multiple defendants, plaintiffs can only use a Rule 41(a)(1)(A)(i) notice of dismissal to dismiss the claims against the defendants who have not yet served an answer or a motion for summary judgment. *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019).

## III.

## ANALYSIS

The Court grants Dot's Office's Motion for Voluntary Dismissal (Doc. 84) because Dot's Office moved to dismiss this action before ECI Software served either an answer or a motion for summary judgment. The Court also denies ECI Software's request for costs and attorneys' fees.

A. *Dot's Office Can Unilaterally Dismiss This Case Without a Court Order*

As a threshold matter, the Court construes Dot's Office's Motion as a notice of dismissal pursuant to Rule 41(a)(1)(A)(i). *See Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976),

*abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *see Lucio v. Collier*, No. 4:22-CV-996, 2022 WL 20717533, at *1 (S.D. Tex. June 6, 2022) (construing plaintiff's motion to dismiss as a Rule 41(a)(1)(A)(i) notice of voluntary dismissal).

ECI Software has not filed an answer or a motion for summary judgment at any point in this litigation. "Defendants who desire to prevent . . . [dismissal] under [R]ule 41(a)(1) may do so by taking the simple step of filing an answer." *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977). Although several other defendants filed answers in the Western District of Missouri, Doc. 53, Answer; Doc. 54, Answer, ECI Software cannot use other parties' answers to prevent Dot's Office from voluntarily dismissing this lawsuit without prejudice. *See Welsh*, 915 F.3d at 344.

ECI Software's pending Motion to Dismiss also does not foreclose Dot's Office's ability to dismiss voluntarily under 41(a)(1). "[T]he right [to unilaterally dismiss a case] is not cut off by a [12(b)(6)] motion to dismiss." *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979) (citation omitted). A 12(b)(6) motion to dismiss only eliminates a plaintiff's right to voluntarily dismiss a case without a court order if the motion is properly converted into a motion for summary judgment. *See id.* (recognizing the district court converted a motion to dismiss into a motion for summary judgment where the motion to dismiss included matters outside the pleadings); *see also* FED. R. CIV. P. 12(d). Here, ECI Software's motion to dismiss did not present any "matters outside the pleadings" and so is not converted into a motion for summary judgment. *See* Doc. 81, Mot.; FED. R. CIV. P. 12(d). Therefore, ECI Software never cut off Dot's Office's ability to unilaterally dismiss this action as a matter of right, and the Court grants the Motion for Voluntary Dismissal.

### B. *The Court Declines to Impose a Refiling Restriction or Award Costs*

ECI Software also requests that the Court condition any dismissal on Dot's Office refiling in this same court and additionally requests the costs and attorneys' fees it has incurred in defending this lawsuit. Doc. 85, Resp., 8. The Court denies both requests.

The Court lacks the power to require Dot's Office to refile—should it elect to do so—in the Northern District of Texas. Courts generally lack the power to impose conditions, such as a refiling restriction, on a plaintiff's notice of dismissal under Rule 41(a)(1)(A)(i). *See Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293–94 (5th Cir. 2016) (citations omitted). Because the Court lacks the power to impose ECI Software's requested condition here, the Court denies ECI Software's request.

The Court also declines to award costs or attorneys' fees. While district courts cannot impose conditions on a notice of dismissal, district courts retain "[their] inherent supervisory powers," such as discretion to impose sanctions when a plaintiff voluntarily dismisses their case as a matter of right. *Qureshi*, 600 F.3d at 525 (citations omitted). However, ECI Software has failed to show that Dot's Office violated Rule 11, otherwise acted in bad faith during these proceedings, or any other sufficient justification for the Court to award costs and attorneys' fees. *See, e.g., Pulse Supply Chain Sols., Inc. v. Tagliamonte*, No. 3:21-CV-2706-B, 2023 WL 4497007, at *5 (N.D. Tex. July 11, 2023) (Boyle, J.) (awarding costs and attorneys' fees after dismissal where the plaintiff violated Rule 11 and acted in bad faith). Therefore, the Court denies ECI Software's request for costs and attorneys' fees.

IV.

CONCLUSION

For the above reasons, the Court **GRANTS** Dot's Office's Motion for Voluntary Dismissal (Doc. 84) and **DISMISSES** this action **WITHOUT PREJUDICE**. In light of this, the Court **DENIES AS MOOT** ECI Software's Motion to Dismiss (Doc. 81) and the Unopposed Motion to Withdraw (Doc. 87). The Clerk of Court is directed to close this case.

**SO ORDERED.**

**SIGNED: January 11, 2024.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE